## E. HANEY AND ANOTHER v. INDEPENDENT SILO COMPANY.[1]

February 25, 1927.

No. 25,860.

**Evidence justified directed verdict but not for amount directed.**

In an action for the recovery of agreed commissions for the sale of the defendant's silos the evidence justified the direction of a verdict for plaintiffs but not for the full amount for which it was directed.

Appeal and Error, 4 C. J. p. 1137 n. 52; p. 1138 n. 63.
Brokers, 9 C. J. p. 657 n. 56.

Defendant appealed from a judgment of the district court for Ramsey county, Hanft, J. Affirmed on condition.

*Ithamar Tracy,* for appellant.
*McDonald & Collins,* for respondents.

[1]Reported in 212 N. W. 528.

DIBELL, J.

Action to recover commissions upon the sale of the defendant's silos. The court directed a verdict for the plaintiffs for $323.33. The defendant appeals from the judgment of $417.83 entered on the verdict. The only question is whether there was error in the direction of the verdict.

On October 15, 1923, the plaintiffs and the defendant entered into a contract whereby the plaintiffs were to sell the defendant's silos on a commission of 15 per cent except when an agent was sent by the defendant to assist the plaintiffs. In such a case 5 per cent was to be deducted from the 15. The contract was for the season ending October 1, 1924. The territory in which the plaintiffs were to sell was in the vicinity of Herman, Norcross and Donnelly. The plaintiffs did not have an exclusive territory but if they exercised reasonable diligence in the business the defendant agreed to protect them against unfair intrusion.

The controversy is over the right of the plaintiffs to recover for four silos. On June 24, 1924, the defendant's supervising agent or district manager was co-operating with the plaintiffs for the sale of silos to three farmers within the territory of the plaintiffs. That night he went to Morris, 20 miles distant, promising to return the next day. He did not return, but telegraphed the plaintiffs that he was called away and would be with them the first of the next week. He did not come to see them again. About July 8 he went to Norcross, appointed or employed another agent, and sold silos to the three farmers whom they had in view on June 24. He in effect completed the sales. On these three sales the plaintiffs were entitled to a ten per cent commission. He also sold a silo to one Olson, and the plaintiffs claim a commission on this sale. It does not appear by undisputed testimony that he and the plaintiffs co-operated in the sale of this silo, or that he knew that the plaintiffs had dealt with Olson for the sale or that he was a prospect of the plaintiffs. That the sale to Olson was not on the same footing as the sales to the other three seems to have been overlooked. The commission on this sale was $59.36, and this sum with interest was included in the directed verdict. To this extent the verdict is wrong.

The result of a reversal will be a new trial; but if, within ten days after the going down of the remittitur, the plaintiffs consent to the reduction of the verdict by the amount stated, and a modification of the judgment accordingly, the judgment will stand affirmed in the reduced amount; otherwise the reversal will be absolute.

Affirmed on condition.